IN THE MATTER OF NEAL ZACKERY MARTINEZ

NO. 07-01-0130-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 30, 2001

_________________________________

In the Matter of NEAL ZACKERY MARTINEZ, 

Appellant

__________________________________

FROM THE JUVENILE COURT OF CROSBY COUNTY

NO. J-365, HON. KENNETH WITT, PRESIDING

_________________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Neal Zackery Martinez (appellant) appeals from an order modifying his disposition and commitment to the Texas Youth Commission.  Though the proceeding from which the order arose was recorded via audio tape, the court reporter has informed this court  that she was “unable to produce an accurate record from this recording.”  According to Texas Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial if 1) the appellant has timely requested a reporter’s record, 2) without the appellant’s fault, the proceedings were electronically recorded and a significant portion of the recording has been lost or destroyed or is inaudible, 3) the inaudible portion of the record is necessary to the appeal’s resolution, and 4) the parties cannot agree on a complete reporter’s record.   

Given Rule 34.6(f) and the court reporter’s statement that she cannot transcribe the contents of the tape, we abated the appeal and remanded the cause to the juvenile court of Crosby County (the trial court) to determine the need for a new trial.  In response, we received an “Agreed Motion for New Trial.”  Therein, both appellant and the State stipulated that:

1) the appellant desires to pursue the appeal,

2) the appellant timely requested a reporter’s record, 

3) the proceedings were recorded electronically,

4) a significant portion of the recording is inaudible for reasons other than 

the fault of appellant,

5) the inaudible portion of the record is necessary to the resolution of the 

appeal, and

6) the parties cannot agree on a complete reporter’s record.

In view of the stipulation, we reinstate the cause and conclude that the elements of Rule 34.6(f) exist at bar.  Consequently, we grant the motion, reverse the judgment, and remand the cause for new trial. 

Brian Quinn

   Justice

Do not publish.